Per Curiam.
The plaintiff in error, who was also plaintiff below, seeks a reversal of the judgment, on the ground that the court improperly refused to instruct the jury as requested by his counsel on the trial. The defendant, Dangerfield, was sued as the indorser of a promissory note, and the question is whether he was legally notified of the nonpayment. The notary testified that he demanded payment, and protested the note, on the 4th of December, 1888, that being the day of its maturity, and that he put the notice in the post-office at Natchez, directed to Dangerfield, at Fayette, on the morning of the succeeding day, by nine o’clock A. M. The plaintiff proved by a witness that about the time of protest, the mail left Natchez for Fayette, regularly three times a week. That on the night previous to the leaving of the mail coach, the mail was closed at nine o’clock P. M. and the coach left next morning at four o’clock *450 A. M. On this state of evidence, the plaintiff’s counsel asked two instructions to the jury, only one of which we shall notice, as the other was correctly refused. The charge which was improperly refused is the following: — “ That if the jury believe, from the evidence, that the mail that left Natchez for Fayette, on the day after the protest, was closed at nine o’clock P. M. on the day of protest, it was not the mail of the succeeding day after said protest, and they must find for the plaintiff.” The refusal -to give the charge, established in effect this rule; that when the mail that leaves on the day after protest, is closed on the evening of the same day, then it is necessary that notice should be put in the post-office on the day the note was protest-ted. It is necessary that notice should be put in the office on the day after protest, in time to go by the mail of that day, unless it leaves at an unreasonably early hour, but it is never necessary to put the notice in the office on the day of the protest ; and if the mail which leaves on the morning after protest, be closed the night before, then the succeeding mail will be in time. The rule is very explicitly laid down by Chitty, thus, “ where the parties do not reside in or near the place of dishonor, it suffices to forward notice by the general post that, goes out on the day after the refusal, or if there be no post on that day, then on the third day, though thereby the drawer or indorser may not, in fact, receive notice till the third day, or sometimes according to the course of the post, not until the fourth, or even subsequent day.” Chitty on Bills, 514. This question has also been decided at the present term of the court in the same way. Kirkman v. Deminds.
The rule which requires that notice shall be put in the post-office on the day after protest, in time to go by the mail of that day, and that the plaintiff must by proof, bring himself within the rule, is founded on the supposition that there is a post which goes on that day. And it means a mail by which the notice may be conveyed by putting it in the office the day after the protest. The mail, in this instance, if it left on the morning after the protest, was closed at nine o’clock the night before, and if it had not been so closed, it left at four o’clock A. M. *451 which was an unusual business hour, so that it was not within the meaning of the law, the mail by which the notice ought to have been sent. It was not a practicable conveyance for communications put in the office the day after the protest.
The charge which the court gave at the request of the defendant’s counsel was clearly erroneous. The jury must have inferred from it that the notice to bind the indorser, should have been put iñ the office in time for the mail, which closed at nine o’clock P. M. on the day of protest. We repeat that it is not necessary to put notice in the office on the same day the note is protested.
The judgment must be reversed, and cause remanded for a new trial.
Mr. Justice Teacher, having been counsel below, gave no opinion.